Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br> Plaintiff <br> v. <br> BRIAN FARRELL, <br> Defendant. | NO. CR15-029RAJ <br><br> ORDER ON DEFENDANT'S MOTION TO COMPEL |

## I. INTRODUCTION

This matter comes before the Court on defendant's Motion to Compel Discovery. (Dkt. #48). For the reasons set forth below, the Court **DENIES** the defendant's Motion to Compel Discovery.

The defendant is charged with conspiracy to distribute cocaine, heroin, and methamphetamine by virtue of his alleged operation as an administrator with the online "Silk Road 2.0" website. According to the government, the site operated on the Tor network with the ostensible purpose of its operation being to mask Internet Protocol ("IP") addresses of users of the network.

The record demonstrates that the defendant's IP address was identified by the Software Engineering Institute ("SEI") of Carnegie Mellon University (CMU") when SEI was conducting research on the Tor network which was funded by the Department of

Defense ("DOD"). The government previously produced information to the defense that Farrell's IP address was observed when SEI was operating its computers on the Tor network. This information was obtained by law enforcement pursuant to a subpoena served on SEI-CMU.

Based upon the submissions of the parties, it is clear to the court the government has provided to the defendant basic information about the technique used by SEI to obtain IP addresses of Tor users, including the defendant. Among other items, the government's disclosures included information regarding the funding and structure relationship between SEI and DOD, as well as directing the defendant to publicly available materials regarding the Tor network.

The defendant seeks to compel disclosure of additional material pertaining to the relationship between SEI and federal law enforcement and the methods used by SEI to identify the defendant's IP address. The detailed specifics of the request are reflected in Exhibit A to the defendant's motion.

## II. ANALYSIS

The record before the Court suggests that the only information associated with the defendant and collected by SEI subject to a suppression motion is his IP address. Yet, the defendant seeks additional technical details as to how SEI operated and captured the information. From the record, it appears the only information passed on to law enforcement about the defendant was his IP address. There is nothing presented by the defense, other than rank speculation, that anything more was obtained by SEI and provided to law enforcement to identify the defendant.

The Court agrees with the government that applicable Ninth Circuit authority precludes the defendant's success on his motion. SEI's identification of the defendant's IP address because of his use of the Tor network did not constitute a search subject to Fourth Amendment scrutiny. The Court reaches this conclusion primarily upon reliance on *United States v. Forrester*, 512 F.2d 500 (9th Cir. 2007). In *Forrester*, the court clearly enunciated that: "Internet users have no expectation of privacy in …the IP address

1  of the websites they visit because they should know that this information is provided to
2  and used by Internet service providers for the specific purpose of directing the routing of
3  information." *Id*. at 510.
4      In the instant case, it is the Court's understanding that in order for a prospective
5  user to use the Tor network they must disclose information, including their IP addresses,
6  to unknown individuals running Tor nodes, so that their communications can be directed
7  toward their destinations.  Under such a system, an individual would necessarily be
8  disclosing his identifying information to complete strangers.  Again, according to the
9  parties' submissions, such a submission is made despite the understanding communicated
10 by the Tor Project that the Tor network has vulnerabilities and that users might not
11 remain anonymous.  Under these circumstances Tor users clearly lack a reasonable
12 expectation of privacy in their IP addresses while using the Tor network.  In other words,
13 they are taking a significant gamble on any real expectation of privacy under these
14 circumstances.
15     Equally supportive of this determination, which this Court agrees with, is Judge
16 Robert Bryan's ruling in *United States v. Michaud*, W.D. Wa. No. 15-cr-05351,
17 Dkt. #140, p. 14, where the court held that the IP address was public information.
18     The evidence before this Court indicates that SEI obtained the defendant's IP
19 address while he was using the Tor network and SEI was operating nodes on that
20 network, and not by any access to his computer.  For these reasons, any other discovery
21 about the methodology or technique used to identify the defendant's IP address is not
22 material to his defense.
23     In addition, the defendant seeks disclosures regarding contacts between SEI, the
24 Department of Justice, and federal law enforcement. This request includes the period
25 before and after SEI performed the subject research, with the thrust of the request
26 premised upon the substance of meetings between DOJ and SEI.  The Court is satisfied
27 that the government has met its discovery obligations on this request.  The government
28 provided the extent of the relationship between DOJ and SEI, and the substance of

meetings in which representatives from DOJ and SEI were present.  Nothing further is required.

As to the remaining discovery requests, they are denied.  Request No. 1 is moot in light of the government's observation that it is irrelevant to the defendant's case.  Request No. 2 is overbroad and certainly not narrowly tailored, as it calls for documents related to the entire federal government and SEI during a two-year period.  Moreover, the government (according to the attachments to the government's response) has provided the relevant contracts at issue between SEI, DOJ, and DOD.  As to Request Nos. 3 and 4, nothing further is required to be produced.  Request Nos. 5 through 9 are the subject of this Order and require no further explanation.

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** the defendant's Motion to Compel Discovery. (Dkt. #48).

DATED this 23rd day of February, 2016.

The Honorable Richard A. Jones
United States District Judge