Judge Jones

____ FILED  ____ ENTERED
____ LODGED ____ RECEIVED

MAR 11 2016

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRIAN FARRELL, <br><br> Defendant. | NO. CR15-029RAJ <br><br> **PLEA AGREEMENT** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, Defendant, BRIAN FARRELL, and his attorney, Nancy Tenney, enter into the following Agreement, pursuant to Federal Rule of Criminal Procedure 11(c):

1.     **The Charge.**  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enter a plea of guilty to Conspiracy To Distribute Heroin, Cocaine, and Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, a lesser-included offense of Count 1 of the Indictment.  By entering this plea of guilty, Defendant hereby waives all objections to the form of the charging document and also waives any objection

to venue. Defendant further understands that before entering his plea of guilty, he will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2. **Elements of the Offense.** The elements of the offense of Conspiracy To Distribute Heroin, Methamphetamine and Cocaine, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(B), and 846, are as follows:

First, beginning on or about a time within the last five years, and ending on or about December 2014, there was an agreement between two or more persons to distribute a controlled substance; and

Second, the defendant joined in the agreement knowing of its purpose and intending to help accomplish that purpose.

3. **The Penalties.** Defendant understands that the statutory penalties for the offense of Conspiracy To Distribute Heroin, Methamphetamine and Cocaine, are as follows: imprisonment for at least five (5) years and up to forty (40) years, a fine of up to five million dollars and no/100 dollars ($5,000,000.00), a period of supervision following release from prison of at least four (4) years, and a special assessment of one hundred and no/100 dollars ($100.00). Defendant agrees that the special assessment shall be paid at or before the time of sentencing.

Defendant understands that, in order to invoke the statutory sentence set forth above, the United States must prove beyond a reasonable doubt that the offense charged in Count 1 involved any one of the following: (1) fifty grams or more of a mixture or substance containing a detectable amount of methamphetamine; (2) 100 grams or more of a mixture or substance containing heroin; or (3) 500 grams or more of a mixture of substance containing a detectable amount of cocaine. Defendant waives Defendant's right to require the United States to make this proof at trial and stipulates that this plea of guilty includes Defendant's acknowledgment that the offense involved these quantities of drugs.

Defendant understands that by pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits under Title 21, United States Code, Section 862a.

Defendant further understands that a consequence of pleading guilty may include the forfeiture of certain property either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant understands that supervised release is a period of time following imprisonment during which he will be subject to certain restrictions and requirements. Defendant further understands that if supervised release is imposed and he violates one or more of its conditions, Defendant could be returned to prison for all or part of the term of supervised release that was originally imposed. This could result in Defendant's serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that in addition to any term of imprisonment and/or fine that is imposed, the Court may order him to pay restitution to any victim of the offense, as required by law.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Statement of Debtor form as requested by the United States Attorney's Office.

4. **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, he knowingly and voluntarily waives the following rights:

   a. The right to plead not guilty and to persist in a plea of not guilty;

   b. The right to a speedy and public trial before a jury of his peers;

   c. The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for him;

   d. The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.  The right to confront and cross-examine witnesses against Defendant at trial;

f.  The right to compel or subpoena witnesses to appear on his behalf at trial;

g.  The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.  The right to appeal a finding of guilt or any pretrial rulings.

5.  **United States Sentencing Guidelines.**  Defendant understands and acknowledges that, at sentencing, the Court must consider the sentencing range calculated under the United States Sentencing Guidelines, together with the other factors set forth in Title 18, United States Code, Section 3553(a), including: (1) the nature and circumstances of the offense; (2) the history and characteristics of the defendant; (3) the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of the defendant; (6) the need to provide the defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records.  Accordingly, Defendant understands and acknowledges that:

a.  The Court will determine his applicable Sentencing Guidelines range at the time of sentencing;

b.  After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

c.  The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range

offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

    d.    Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

6.    **Sentencing Factors.** The parties agree that the following Sentencing Guidelines provisions apply to this case for Count 1:

    a.    A base offense level of 38, pursuant to USSG § 2D1.1(a)(1).

The parties agree they are free to argue the application of any other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

7.    **Ultimate Sentence.** Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

8.    **Sentencing Recommendation.** The parties each agree to recommend a sentence of eight years of imprisonment. The parties are otherwise free to recommend any other terms of the sentence, including the length and terms of supervised release. Defendant understands that the Court is not bound by the parties' recommendations.

9.    **Statement of Facts.** The parties agree on the following facts. Defendant admits he is guilty of the charged offense.

    a.    The Silk Road 2 (SR2) was a "hidden service" that operated on the Tor network. SR2 contained a user-friendly interface with links to various categories of items for sale on the site, including drugs such as MDMA (Ecstasy), LSD, cannabis, hashish, methamphetamine, cocaine, and heroin.

    b.    BRIAN FARRELL initially used SR2 to purchase drugs for personal use. After joining the site, FARRELL lead a "denial-of-service-attack" on the Tor Market, a competitor to SR2.

c. In December 2013, FARRELL, using the moniker "DoctorClu," was elevated to a staff position on the site. Over time, FARRELL helped maintain the site, including approving and suspending vendors, dealing with help tickets, providing technical support, serving as a forum moderator, and promoting staff members. He also served as the informal spokesperson for "Defcon," the head of SR2.

d. During the time period that FARRELL was a staff member of SR2, there were sales of drugs far exceeding the mandatory minimums specified in section 841(b)(1)(B) of Title 21. Specifically, there were sales far exceeding 100 grams of a mixture of substance containing heroin, 500 grams of a mixture or substance containing cocaine, and 50 grams of a mixture or substance containing methamphetamine.

10. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Agreement that are based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant. Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

11. **Acceptance of Responsibility.** The United States acknowledges that if Defendant qualifies for an acceptance of responsibility adjustment pursuant to USSG § 3E1.1(a), and if the offense level is sixteen (16) or greater, his total offense level should be decreased by three (3) levels pursuant to USSG § 3E1.1(a) and (b), because he has

assisted the United States by timely notifying the authorities of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12. **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that if Defendant breaches this Plea Agreement, the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence. Defendant agrees not to oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement. Defendant also agrees that if Defendant is in breach of this Plea Agreement, Defendant has waived any objection to the re-institution of any charges in the Indictment that were previously dismissed or any additional charges that had not been prosecuted. Defendant further understands that if, after the date of this Agreement, Defendant should engage in illegal conduct, or conduct that is in violation of his conditions of his release (examples of which include, but are not limited to: obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the plea agreement.

13. **Forfeiture.** Defendant agrees to forfeit to the United States immediately Defendant's right, title, and interest in any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of Count 1, as well as any property

used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, Count 1, including the following property:

    a. $35,000 in U.S. currency, and multiple silver bullion bars, both sets of items seized on or about January 2, 2015.

14. **Waiver of Appeal.** Defendant acknowledges that by entering the guilty plea required by this plea agreement, Defendant waives all rights to appeal from his conviction and any pretrial rulings of the court. Defendant further agrees that, provided the court imposes a custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the court at the time of sentencing, Defendant waives to the full extent of the law:

    a. Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

    b. Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation; and

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of his confinement or the decisions of the Bureau of Prisons regarding the execution of his sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

15. **Voluntariness of Plea.** Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily and that no threats or promises, other than the

Plea Agreement (United States v. Farrell, CR15-0291RAJ) - 8

promises contained in this Plea Agreement, were made to induce Defendant to enter this plea of guilty.

16. **Statute of Limitations.** In the event this Agreement is not accepted by the Court for any reason, or Defendant has breached any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

17. **Completeness of Agreement.** The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties.

This Agreement binds only the United States Attorney's Office for the Western District of Washington. It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this 11th day of March, 2016.

_____
BRIAN FARRELL
Defendant

_____
NANCY TENNEY
Attorney for Defendant

_____ For
TODD GREENBERG
Assistant United States Attorney

_____
THOMAS M. WOODS
Assistant United States Attorney