Judge Richard A. Jones

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff <br><br> v. <br><br> BRIAN RICHARD FARRELL, <br><br> Defendant. | NO. CR15-029RAJ <br><br> **GOVERNMENT'S SENTENCING MEMORANDUM** |

The United States of America, by and through Annette L. Hayes, United States Attorney for the Western District of Washington, and Thomas M. Woods, Assistant United States Attorney for said District, respectfully submits this sentencing memorandum regarding Brian Richard Farrell.

## SENTENCING RECOMMENDATION

The government respectfully recommends that the Court sentence Farrell to 96 months of imprisonment to be followed by four years of supervised release, subject to the conditions recommended by Probation. Farrell does not appear to have the ability to pay a fine, and there is a one hundred dollar mandatory special assessment. The government will be presenting a preliminary order of forfeiture that the Court asks be entered at sentencing.

Government's Sentencing Memorandum - 1
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## BACKGROUND

The Silk Road was an online black market that offered various illegal items for sale, including drugs. The Silk Road operated on the "The Onion Router" (the "Tor") network, which is a special network of computers distributed around the world designed to conceal the true Internet Protocol ("IP") addresses of the users on the network. Tor also enables web sites to operate on the network in a manner that conceals the true IP address of the computer server hosting the website.

In October 2013, law enforcement arrested the head of the Silk Road, Ross Ulbricht, who operated under the name "Dread Pirate Roberts." The government also seized the Silk Road website. Later that year, in the wake of these developments, Silk Road 2.0 ("SR2") was launched. SR2, like the original Silk Road, contained a user-friendly interface with links to various categories of items for sale on the site, including drugs such as MDMA (Ecstasy), LSD, cannabis, hashish, methamphetamine, cocaine, and heroin. The site offered other contraband for sale, including stolen property and malicious software and computer equipment.

If a user clicked on any particular item for sale, the website would display the details of the listing, including a description of the item, the price, the username of the vendor selling the item, and prior customers' feedback on the vendor. To buy an item, the user would click a link labeled "add to cart." The user was then prompted to supply a shipping address and to confirm the placement of the order.

Users paid for items on SR2 using Bitcoin. Bitcoin is an anonymous, decentralized, peer-to-peer form of digital currency having no association with banks or governments. In order to pay for an item, a user would first obtain Bitcoin (typically from a Bitcoin exchanger) and then transfer them to the user's SR2 account. After completing the sale, the vendor's SR2 account would be credited the amount of the sale, and the user's account would be debited accordingly. The SR2 website would charge a commission on the sale, which at times ranged from four to eight percent. Vendors were

Government's Sentencing Memorandum - 2
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

allowed to anonymously transfer their Bitcoin proceeds from their SR2 accounts to accounts not associated with the site.

In July 2014, Seattle agents received a lead that a particular IP address had accessed the vendor portion of SR2. A user could not accidentally end up on the vendor portion of SR2. Rather, SR2 administrators/moderators restricted access to the vendor portion of the site to vendors who had conducted a certain amount of transactions. In addition, a separate username and password were required to access the vendor portion of SR2.

According to Comcast records, the IP address resolved to Farrell's address. On December 22, 2014, law enforcement contacted Farrell at the residence. Farrell said that he was familiar with Silk Road from the news, and said that he had visited the site within the last six months. Farrell said, "I deal with bitcoins," further stating that Silk Road was the "shady side of bitcoins." Farrell denied ever buying or selling drugs on the Silk Road, further stating that to the best of his knowledge no one living with him was involved in buying or selling drugs.

On January 2, 2015, agents, after receiving additional information from a cooperating witness that Farrell was involved in SR2, executed a search warrant at Farrell's Bellevue residence. During the course of the search, agents seized three handguns, various computer media, various prescription medications, drug paraphernalia, silver bullion bars valued at $3,900.00, and approximately $35,000 in U.S. currency.

On the day of the search, Farrell was interviewed after being provided *Miranda* warnings. Initially, Farrell maintained that he did not really know much about SR2. Agents then confronted Farrell with the fact that an IP address tied to the residence was tied to SR2. Farrell stated many people had come and gone from the house and there had been a lot of past users of the internet in the residence. Farrell stated he had registered with SR2 with a username to allow him to look around the site.

Agents asked Farrell whether he would help identify others involved in SR2. Farrell stated, "You're not going to find much of a bigger fish than me." He continued

Government's Sentencing Memorandum - 3
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

by saying, "My moniker on Silk Road was "DoctorClu." Agents asked Farrell what he did as "DoctorClu," and he said he was the support manager and worked as "Defcon's" right hand man. "Defcon," was the moniker used by Blake Benthall, the chief operator of SR2.

Farrell said that he had lead a "denial-of-service-attack" on the Tor Market, a competitor to SR2. He said that after the attack, at the end of 2013, he was offered a staff position on SR2. He said that he had been given a starting salary of about $750.00 per week that later climbed to about $1,750.00 per week. Farrell said he did not have complete access to SR2, but that he could change passwords on the site. He said he served mainly as "Defcon's" spokesman. Farrell said that other SR2 staff would obtain his permission to do things if they were unable to get a hold of "Defcon."

As reflected in the plea agreement's statement of facts, Farrell has admitted helping maintain SR2, including approving and suspending vendors, dealing with help tickets, providing technical support, serving as a forum moderator, and promoting staff members. He also has admitting serving as the informal spokesperson for "Defcon," the head of SR2. Finally, he admitted purchasing drugs on the site for personal use as well.

## PLEA AGREEMENT

Farrell originally was charged with Conspiracy to Distribute Controlled Substances, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A), an offense that carried a mandatory minimum of ten years of imprisonment. Farrell later pleaded guilty to the lesser-included offense of the same crime that carries a five-year mandatory minimum sentence. Under the plea agreement, both parties agreed to recommend jointly a sentence of eight years of imprisonment. The parties are free to otherwise recommend the conditions of the sentence. The plea agreement contains a waiver of appeal.

//
//
//

Government's Sentencing Memorandum - 4
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## SENTENCING GUIDELINES

The government agrees with Probation's calculation of the Sentencing Guidelines. The base offense level in this case is 38, the highest level under the drug table, given there were drug sales far exceeding the quantities listed in the table during the period that Farrell helped administer SR2. He should receive a two-point addition for distributing a controlled substance through mass marketing by means of an interactive computer service, under USSG § 2D1.1(b)(7). *See* Cmt. 13 to Section 2D1.1 (enhancement triggered if defendant operated a web site to promote the sale of a controlled substance).

Farrell also qualifies for a four-level enhancement for being an organizer of criminal activity that involved five or more participants or otherwise was extensive, under USSG § 3B1.1(a). By Farrell's own admission, he helped maintain the SR2 site. In particular, he had the authority to approve or suspend vendors (*i.e.*, online drug dealers)—therefore holding the keys as to who could sell drugs on the site. He also had the authority to promote SR2 staff members. By exercising this authority, Farrell was helping to "organize" the drug trafficking that was occurring on SR2, sufficient to trigger the four-point enhancement under section 3B1.1(a).

Farrell, finally, qualifies for a three-point reduction for acceptance of responsibility, yielding a total offense level of 41. He has no criminal history, and therefore his range is 324 to 405 months.

## SENTENCING ANALYSIS

This case, more than others the Court typically sees, presents an important case for general deterrence. The Silk Road model presents a new threat to public safety and health. The website expands the serious drug market to all reaches of the country, and indeed the world. The website reaches those who are too apprehensive to conduct a deal on the street, or those, say in rural areas, who may not have a direct drug supplier. This new frontier is dangerous—and a clear message needs to be sent that those who peddle their poison on the internet—face serious penalties.

Government's Sentencing Memorandum - 5
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

Farrell, moreover, was not a bit player in this enterprise. As Farrell put it the day of his arrest, "You're not going to find much of a bigger fish than me." He was second only to the chief administrator in helping to operate the site. He exercised managerial authority and abused his specialized computer skills and knowledge.

It is also important to emphasize that Farrell stands before the Court the beneficiary of far more favorable circumstances compared to many defendants the Court sees. He grew up in a supportive and loving household. He had well-paying jobs, and was clearly employable.

The government recognizes, however, that Farrell, prior to this case, had never spent even a day in jail, that he is a young man, and that he suffered from a drug problem throughout the course of the offense, which undoubtedly contributed to the poor decisions that he made.

In light of all of these aggravating and mitigating circumstances, the government urges the Court to sentence Farrell to eight years of imprisonment.

## CONCLUSION

For the foregoing reasons, the Court should sentence Farrell to eight years of imprisonment to be followed by four years of supervised release.

DATED:  May 25, 2016

        Respectfully submitted,

        ANNETTE L. HAYES
        United States Attorney


        */s/ Thomas Woods*
        THOMAS WOODS
        Assistant United States Attorney
        United States Attorney's Office
        700 Stewart Street, Suite 5220
        Seattle, Washington 98101-1271
        Telephone: (206) 553-7970

Government's Sentencing Memorandum - 6
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Western District of Washington and is a person of such age and discretion as to be competent to serve papers;

It is further certified that on May 25, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the CM/ECF participants.

*/s/ Salee Porter*
SALEE PORTER
Paralegal
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, Washington 98101-1271
Phone: (206) 553-4345
Fax:   (206) 553-0755
E-mail: Salee.Porter@usdoj.gov

Government's Sentencing Memorandum - 7
*United States v. Farrell*, CR15-029RAJ

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970