JUDGE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. CR15-029RAJ |
| Plaintiff, | ) ) | MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(1)(A) |
| v. | ) ) | |
| BRIAN FARRELL, | ) | Noted for: April 23, 2021 |
| Defendant. | ) ) ) | |

## I.  INTRODUCTION AND REQUEST FOR RELIEF

Brian Farrell, through Assistant Federal Public Defender Nancy Tenney, moves this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A) based on the "extraordinary and compelling reasons" presented by FCI Sheridan's failure to treat his serious medical conditions.  Mr. Farrell is not a danger to any other person or the community, and the U.S.S.G § 3553(a) factors all weigh in favor of Mr. Farrell's release.

## II.  PROCEDURAL HISTORY AND STATUS

On June 3, 2016, Mr. Farrell was sentenced to 96 months of imprisonment followed by three years of supervised release following his conviction for Conspiracy to Distribute Cocaine, Heroin, and Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1).  Dkt. 74.  After over a year on pretrial release without incident, Mr. Farrell was allowed to self-report to serve his sentence at the camp at FCI Sheridan.  *Id.*

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 1

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

at 2.  His scheduled release date is April 22, 2022, and he typically would be eligible for placement at a halfway house in October of 2021.

**A.    The 30-day Administrative Remedy Period has Expired.**

On January 25, 2021, Mr. Farrell submitted a request for compassionate release to the Warden of FCI Sheridan.  *See* Ex. A.  The Warden denied the request on February 4, 2021 and no further action has been taken by the Bureau of Prisons.  *See* Ex. B.

**B.    The Bureau of Prison's Failure to Treat Mr. Farrell's Serious Heart and Lung Conditions Warrants Compassionate Release.**

This Court should grant Mr. Farrell compassionate release because he is not receiving necessary medical treatment at FCI Sheridan and, if released, he could access that treatment in the community.

In March of 2020, Mr. Farrell was hospitalized due to a severe viral illness that was never identified.  Ex. C (medical records filed under seal). He experienced shortness of breath, nausea, chills, light-headedness, diarrhea and a highly-elevated heart rate.  *Id.*  Although he received a negative result on a COVID-19 test at that time, Mr. Farrell has since had additional COVID-19 tests and now questions whether that initial test was administered properly.  In any event, Mr. Farrell still has not recovered from his illness.  He continues to suffer fatigue, shortness of breath and an abnormal heartbeat.  Ex. D (medical records filed under seal).   On July 17, 2020, Mr. Farrell was seen by an EMT paramedic for shortness of breath, intermittent cough and occasional heart palpitations.  *See* Exhibits E and F.  Although the paramedic recommended he see a nurse practitioner or physician assistant, Mr. Farrell saw no properly licensed practitioner for over a month.  *Id.*  Dr. Marc Stern, a specialist in correctional health care who reviewed Mr. Farrell's medical records, notes in his attached

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 2

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

declaration that the issues Mr. Farrell presented "could have been related to a number of serious medical conditions and failure to address them immediately could have resulted in serious harm." Ex. E at 1-2.

On August 10, 2020, Mr. Farrell finally saw a licensed physician. Ex. D. The physician discovered that Mr. Farrell had a heart murmur, as well as fatigue and shortness of breath, all stemming from his earlier respiratory illness. *Id.* In addition to prescribing medication for Mr. Farrell's heart and lungs, the physician referred Mr. Farrell to a cardiac specialist for an echocardiogram and complete evaluation. *Id.* Despite ongoing requests, as of this filing over eight months later, Mr. Farrell still has not seen a cardiologist or undergone an echocardiogram. *See, e.g.,* Ex. E at 2; Ex. F. Because his symptoms have the potential to result in medical conditions which place him at a significant risk of serious harm, Mr. Farrell requests compassionate release so that he may access appropriate medical care in the community.

  C. **Mr. Farrell's Release Plan**

If released, Mr. Farrell intends to return home to live with his parents. As explained in their attached letter, Mr. Farrell's parents reside in their own home in Longview, Washington and they are prepared to assist their son so that he can access to proper medical care once released. *See* Ex. G.

**III. THE FIRST STEP ACT AUTHORIZES MR. FARRELL TO BRING THIS MOTION, AND THE COURT HAS JURISDICTION TO GRANT IT.**

  A. **This Court is not bound by U.S.S.G. § 1B1.13's policy statement governing what may be considered "extraordinary and compelling" reasons for a sentence reduction or § 1B1.13(2)'s free-standing requirement that the defendant no longer pose a danger to the community**.

This Court has the authority to reduce Mr. Farrell's sentence based on the extraordinary and compelling circumstances presented. First, it has jurisdiction to hear

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 3

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

this motion because "the statutorily required 30-day period has expired with no action by the warden of his facility." *United States v. Anello*, No. 2:12-cr-00131-RAJ, 2020 WL 3971399, at *3 (W.D. Wash. July 14, 2020). Second, the changes to 18 U.S.C. § 3582(c)(1)(A) made by the First Step Act have finally vested the Court with the authority to decide when extraordinary and compelling circumstances warrant a sentence reduction. The Ninth Circuit has recently joined the unanimous rulings of the Tenth, Fourth, Sixth, Second and Fifth Circuits[1] in holding that there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), and thus, this Court has the full authority to consider *any* extraordinary and compelling reason for release that a defendant might raise. *See United States v. Aruda*, -- F.3d --, No. 20-10245, 2021 WL 1307884, at *4 (9th Cir. Apr. 8, 2021) (vacating and remanding district court's denial of compassionate release because the district court treated the Sentencing Commission's statements contained in U.S.S.G. § 1B.13 as binding). Thus, on a defendant-initiated motion under the First Step Act, as here, the defendant must show that they have extraordinary and compelling reasons to warrant their release, and the Court must consider the sentencing factors under 18 U.S.C. § 3553(a).

      Nor is this Court bound by U.S.S.G. § 1B1.13(2)'s free-standing requirement that a defendant show he no longer poses a danger to the community. *See United States v. Grimes*, No. CR 11-5509-BHS, 2021 WL 319404, *2 (W.D. Wash. Jan. 26, 2021) (ruling Sentencing Commission's policy statement also not binding when considering public safety). In *Grimes*, the Honorable Judge Benjamin Settle granted the defendant's motion for reconsideration, ruling that § 1B1.13's public safety requirement, which placed the burden on a defendant to show he was not a danger to the community, was also not binding in defendant-initiated motions given the unanimous circuit court

---

[1] *See United States v. Shkambi*, -- F.3d--, --, No. 20-40543, 2021 WL 1291609, at *4 (5th Cir. Apr. 7, 2021); *United States v. McGee*, No. 20-5047, -- F.3d --, --, 2021 WL 1168980, at *12 (10th Cir. Mar. 29, 2021); *United States v. McCoy*, 981 F.3d 271, 281–84 (4th Cir. 2020); *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020): *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *United States v. Brooker*, 976 F.3d 228, 234–37 (2d Cir. 2020).

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 4

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

decisions holding the same when considering a defendant's extraordinary and compelling reasons. Judge Settle pointed out that "[t]hough these decisions primarily discuss whether the Sentencing Commission's policy statement is binding when considering a defendant's extraordinary and compelling reasons, courts have also interpreted the First Step Act's amendments to mean that the policy statement is not binding when considering public safety." 2021 WL 319404, at *2. Applying this reasoning, Judge Settle ruled he had erred in placing the burden on defendant to show he was no longer a risk to public safety as a freestanding requirement. *Id. See also United States v. Vargas*, No. 88-CR-32 (VEC), 2020 WL 6886646, at *9 (S.D.N.Y. Nov. 24, 2020) (courts no longer need to abide by Sentencing Commission's policy statement, requiring that it consider whether defendant was "a danger to the safety of any other person or to the community."); *United States v. Harris*, No. 15-CR-0445, 2020 WL 5801051, at *2 (S.D.N.Y. Sept. 29, 2020) ("[W]hen assessing a motion brought directly by an imprisoned person rather than by the BOP, the Court is constrained neither by U.S.S.G. § 1B1.13's enumeration of extraordinary and compelling reasons, nor by its freestanding requirement that the defendant seeking release not pose any danger to the community.").

Rather, "[p]ublic safety is one of the § 3553(a) factors the Court considers[,]" not a required showing "separate from the public safety consideration contemplated by the § 3553(a) factors." *Id*. And while Judge Settle acknowledged that "[i]t cannot be argued that Grimes poses no risk to the safety of the community," after balancing the § 3553(a) factors, the court concluded Grimes was entitled to compassionate release. *Id*. at *2.

**B.  Extraordinary and compelling circumstances warrant a reduction in Mr. Farrell's sentence.**

Similarly here, Mr. Farrell is entitled to a sentence reduction. The Bureau of Prison's failure to follow its own medical advice and properly treat Mr. Farrell's potentially serious medical conditions presents extraordinary and compelling circumstances that justify a sentence reduction**.** *See, e.g.*, *United States v. Carter,* No.

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 5

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

15-211 MJP (W.D. Wash. Jan. 20, 2021)(granting compassionate release in part because "lack of consistent medical monitoring" at FCI Sheridan put defendant's "overall health at risk"); *United States v. Arreola-Bretado*, 445 F.Supp.3d 1154 (S.D. Cal. 2020) (rejecting government's argument that defendant "has failed to show that her treatment in custody is insufficient such that it warrants early release" and finding extraordinary and compelling reasons existed based on defendant's ailments including a cardiac murmur and Graves Disease, and that "she would have a higher level of medical care outside the facility"); *Samy v. United States*, No. 16-20610-1, 2020 WL 1888842, at *1 (E.D. Mich. Apr. 16, 2020) (explaining that "the prison environment only exacerbates [the defendant's] ailments" and granting compassionate release).

### C. The relevant § 3553(a) factors weigh strongly in favor of release.

Here, the facts the Court must weigh under 18 U.S.C. § 3553(a) favor release. The statute directs that the Court impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)" of the statute. 18 U.S.C. § 3553(a). Paragraph 2, in turn, provides that the Court must consider " "the need for the sentence imposed" to: (1) "reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense"; (2) "afford adequate deterrence to criminal conduct"; (3) "protect the public from further crimes of the defendant"; and (4) "provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner." *Id*.

Each of these factors favors release. While Mr. Farrell acknowledges that his offense was serious, he has now served over 75% of his 96-month sentence and will become eligible for halfway house placement in 6 months. The time he has already served reflects the seriousness of the offense and will adequately deter others from committing similar offenses. To the extent that the statute requires punishment for the offense, Mr. Farrell has been punished significantly. He has spent much of his prison time ill, including being hospitalized in March of 2020 due to a viral illness, which was never identified. He has suffered from lingering and constant effects from his health

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 6

**FEDERAL PUBLIC DEFENDER**
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

conditions, including shortness of breath, nausea, chills, light-headedness, diarrhea and a highly-elevated heart rate. And, he continues to suffer fatigue and an abnormal heartbeat. Ex. D (medical records filed under seal).  Once released, Mr. Farrell faces three years of supervised release and he will forever live as a convicted felon.  Further prison time is not necessary to punish Mr. Farrell or deter him from future criminal conduct.

Moreover, Mr. Farrell is not a danger to the community and thus public safety does not support continued confinement.  See 18 U.S.C. § 3553(a)(2)(C).  Mr. Farrell has maintained a good record of conduct throughout his term of confinement, with only one very minor infraction back in 2017.  See Ex. F. He has been housed at the minimum-security camp and his PATTERN risk assessment is minimum.   Mr. Farrell has no previous criminal history aside from this case, and he has never engaged in any violent activity.  See Presentence Report prepared May 20, 2016.  Following his initial arrest, Mr. Farrell lived with his parents on pretrial supervision for well over a year without incident before self-surrendering to serve his sentence. During that time he completed drug treatment programs to address his opiate addiction which was the driving factor for his criminal activity. Mr. Farrell's subsequent years of sobriety and completion of the RDAP treatment program while in prison, combined with his plan to again live with his parents, ensure that he will not pose any risk danger to the community upon release.

Finally, perhaps the most relevant factor is that Mr. Farrell is not getting the medical care he needs at FCI Sheridan. Thus, the "need for the sentence imposed . . . to provide the defendant with . . . medical care . . . in the most effective manner" is not met by Mr. Farrell's further imprisonment. See United States v. Connell, -- F.Supp. 3d --, --, No. 18-cr-00281-RS01, 2020 WL 2315858, at *6 (N.D. Cal. May 8, 2020) ("Adequately caring for someone with underlying health conditions like Connell's entails reducing that individual's risk of exposure to COVID-19; keeping Connell at Lompoc is not the "most effective manner" of mitigating that risk" nor is he likely to "get the medical care he needs at Lompoc during the midst of the pandemic."). In

MOTION FOR COMPASSIONATE RELEASE
(Brian Farrell; CR15-029RAJ) - 7

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100

contrast, once released, Mr. Farrell's parents plan to assist him in accessing proper medical and mental health care in the community. Ex. G. Their efforts will no doubt be aided by his father's prior healthcare experience and his mother's knowledge from years in nursing. *Id*. Given the serious nature of his medical conditions which are being ignored, this factor strongly supports a sentence reduction.

## IV.   CONCLUSION

Because his worsening medical conditions remain untreated at FCI Sheridan and he has a stable release plan where he will pose no danger to the community, Mr. Farrell respectfully requests this Court grant his motion for compassionate release.

Dated this 13th day of April, 2021.

Respectfully submitted,

s/ *Nancy Tenney*
Assistant Federal Public Defender
Attorney for Brian Farrell

MOTION FOR COMPASSIONATE RELEASE
(*Brian Farrell*; CR15-029RAJ) - 8

FEDERAL PUBLIC DEFENDER
1601 Fifth Avenue, Suite 700
Seattle, Washington 98101
(206) 553-1100